857 F.2d 1470
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ellis WHEBY; Juanita Wheby, Plaintiffs-Appellants,
v.
The MARYLAND CASUALTY COMPANY, Defendant-Appellee.
 No. 88-3940.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 21, 1988.
Decided: Sept. 6, 1988.
 
 Warren Ashby Thornhill, III (Thornhill, Kennedy & Vaughan, on brief), for appellants.
 John Andrew Smith (Kay, Casto & Chaney, on brief), for appellee.
 Before JAMES DICKSON PHILLIPS and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiffs Ellis Wheby and Juanita Wheby appeal from the judgment entered below for defendant The Maryland Casualty Company (Casualty) following a jury verdict finding that the Whebys had committed arson. The Whebys contend that the trial court's instructions presented the wrong standard of proof to the jury. Finding no error, we affirm.
 
 
 2
 The Whebys owned a small grocery store which was completely destroyed by fire on March 23, 1985. Their insurance claim for destruction of the building and its contents totaled $72,056. Casualty refused to pay because it believed the cause of the fire was arson. The Whebys filed the underlying action.
 
 
 3
 At trial, Casualty introduced evidence that the Whebys had been unable to find a willing buyer for the store, that profits were minimal, that the fire was incendiary in origin and that the Whebys had ample opportunity to torch the building. The Whebys denied arson and offered an expert witness who testified the fire was not incendiary.
 
 
 4
 At the charge conference, the parties' attorneys disagreed as to the standard of proof applicable to Casualty's affirmative defense of arson. Counsel for the Whebys argued that arson had to be proved by clear and satisfactory evidence. The lower court agreed with Casualty and instructed the jury that arson need only be established by a preponderance of the evidence.
 
 
 5
 The jury returned a verdict in favor of Casualty and the Whebys appeal.
 
 
 6
 This court is required to affirm the lower court's judgment if the instructions "taken as a whole, fairly and adequately state the pertinent legal principles." Chavis v. Finnliness Ltd., O/Y, 576 F.2d 1072 (4th Cir.1978). Using this standard, we do not agree with the Whebys' characterization of the instructions as erroneous.
 
 
 7
 The Whebys argue that under West Virginia law, clear and satisfactory evidence is the proper standard for an arson defense. They claim two West Virginia cases, Morgan v. Insurance Company of North America, 146 W.Va. 868, 122 S.E.2d 838 (1961), and Hayseeds, Inc. v. State Farm Fire & Casualty Co., --- W.Va. ----, 352 S.E.2d 73 (1986), demonstrate that this rule is controlling. In Morgan, the trial court directed a verdict for the plaintiff on an action pursuant to a fire policy where arson was a defense. The Supreme Court of Appeals of West Virginia held the question of incendiarism should have been left for the jury. In discussing the standard of proof, the court found that "[w]hile proof of a defense [incendiarism] involves proof of a crime, it need be only by a preponderance of the evidence, rather than beyond a reasonable doubt as in criminal cases." Id. at 841. Citing C.J.S. the court wrote:
 
 
 8
 By the weight of authority, however, such a defense need not be proved beyond a reasonable doubt, a preponderance of the evidence being sufficient. The proof, however, should be clear and satisfactory, taking into consideration the presumption of innocence in such cases, which the evidence must be sufficient to overcome.
 
 
 9
 46 C.J.S. Insurance Sec. 1359, at 567.
 
 
 10
 In Hayseeds, the jury found against the defendant who argued arson as an affirmative defense. There, the trial judge instructed the jury to use a preponderance of the evidence standard and went on to say the proof should be clear and satisfactory. On appeal, the instructions were upheld.
 
 
 11
 The Whebys argue this language in Morgan and Hayseeds indicates that clear and satisfactory, or as they would have it, clear and convincing evidence is the proper standard for the arson defense. However, the emphasis in each of the passages cited by the Whebys is that a preponderance of the evidence is sufficient. As quoted above, in Morgan, the West Virginia court expressly designated the preponderance standard before citing the C.J.S. passage that mentions the clear and satisfactory phrase. The court in Hayseeds held that the trial judge's reference to clear and satisfactory was "by no means a model instruction," but taken in the context of the entire instructions, did not constitute reversible error.
 
 
 12
 Considering the entire instructions given in the instant case, we find that the language used by the district court below adequately stated the proper legal principles. The language regarding clear and satisfactory evidence was merely an attempt to describe the quality of evidence necessary to prove arson by a preponderance.[1] The lower court eliminated this language because of its close proximity to the legal term of art "clear and convincing" evidence.
 
 
 13
 Finding no error in these instructions as a whole, we affirm.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 The Whebys also argued on appeal that the district court abused its discretion in refusing to certify the question of standard of proof to the West Virginia Supreme Court of Appeals. The use of certification "in a given case rests in the sound discretion of the federal court." Lehman Brothers v. Schein, 416 U.S. 386, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215 (1974). Based on the above-cited guidance in the case law of West Virginia regarding the proper standard of proof, we find no abuse of discretion and no merit in this argument of the Whebys